UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEON WILLIAMS, JR.                    CIVIL ACTION NO. 10-cv-0041

VERSUS                               JUDGE WALTER

DAVID EVANS                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Leon Williams, Jr., without representation by an attorney, filed this civil action against David Evans, the alleged CEO of "Minden Building Loan Bank" (MBLBank). Plaintiff alleges that a representative of Mr. Evans' bank allowed attorney Melissa Sugar to withdraw $11,500 from Plaintiff's bank account. The bank sent Plaintiff signed documents that allegedly authorized the transaction, but Plaintiff alleges the documents are false. He asks the court to order the bank to return his $11,500 "with pain and suffering."

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject-matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject-matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

---

[1] Even if the plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not state which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff alleges that his address is in Minden, Louisiana, and he offers no facts to suggest that he is a citizen of a state other than Louisiana. Accordingly, the court may not exercise diversity jurisdiction if Mr. Evans is also a citizen of Louisiana. Plaintiff lists Evans' address as the bank's address in Minden, and he does not offer any allegations to suggest that Evans is a citizen of a state other than Louisiana. The apparent Louisiana citizenship of both Plaintiff and defendant Evans destroys the potential for diversity jurisdiction.

---

and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Section 1332 also requires an amount in controversy in excess of $75,000. Plaintiff demands the return of only $11,500, and there is no reasonable basis to find that a "pain and suffering" award for this kind of claim would bring the total to exceed $75,000.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008). Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that Plaintiff's claim would fall under state law theories of breach of contract or state agency or banking laws. Plaintiff filed his complaint on a form that prisoners often use to assert claims pursuant to 42 U.S.C. § 1983, but that statute applies only when the government defendant (such as a policeman or corrections officer) is acting under color of state law. The complaint suggests that David Evans is a private citizen rather than a government official or some other form of state actor, so no Section 1983 claim could lie against him for the acts alleged. See West v. Atkins, 108 S.Ct. 2250 (1988).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. The complaint should be

dismissed without prejudice for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of June, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE